**VIRON INTERNATIONAL CORPO-RATION, a Michigan corporation, Plaintiff,**

v.

**DAVID BOLAND, INCORPORATED, a foreign corporation, and Harden Enterprises, Inc., a foreign corporation, Defendants.**

No. 91–CV–42.

United States District Court,
W.D. Michigan,
Southern Division.

July 8, 2002.

Jeffrey W. Bracken, Loomis, Ewert, Parsley, Davis, et al., Lansing, MI, for Plaintiff.

Lori M. Silsbury, Dykema Gossett, Lansing, MI, for Defendants.

## OPINION

MCKEAGUE, District Judge.

On March 4, 2002, this Court issued an opinion and order denying defendants' motion to dismiss, or in the alternative, to transfer venue. *See* dkt. ## 3, 26, 27. As noted in the Court's earlier opinion, defendants brought their original motion to transfer venue under 28 U.S.C. § 1406(a), not § 1404(a). *Viron Int'l Corp. v. Boland, Inc.*, No. 5:01–cv–42, 2002 U.S. Dist. LEXIS 4917, at *27 (W.D.Mich. March 4, 2002). On March 18, 2002, defendants filed the instant motion to transfer venue, this time seeking transfer pursuant to 28 U.S.C. § 1404(a). *See* dkt. # 30. The Court heard oral argument from the parties on May 20, 2002. Neither plaintiff nor defendants had adequately briefed the issue of which party bears the burden of proof on a motion to transfer venue, pursuant to § 1404(a), when the parties' agreement contains a mandatory forum selection clause. Thus, the Court gave the parties an additional 10 days to file five-page supplemental briefs on the burden of proof issue.[1] The parties have filed their supplemental briefs. *See* dkt. ## 41, 42. For the reasons set forth below, the Court now grants defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a).

1. Plaintiff did not follow this Court's direction to limit its brief to five pages, instead filing a five-page brief with an additional three single-spaced pages of footnotes.

2. The complete facts underlying this dispute are set forth in this Court's earlier opinion. *See Viron*, 2002 U.S. Dist. LEXIS 4917, at *2–5.

3. The Orlando division of the United State District Court for the Middle District of Florida is located in Orange County, Florida. *See Viron*, 2002 U.S. Dist. LEXIS 4917, at *17 n. 6.

## I. ANALYSIS

### A. *Overview*

This case involves an alleged breach of contract by defendants. The parties' agreements contain a mandatory forum selection clause, which provides, as follows:

> **Applicable Laws.** The Contract shall be governed by, subject to, and construed according to the laws of the State of Florida. Seller shall comply with all applicable federal, state and local laws. Sole venue for any litigation arising hereunder shall be in a court in Orange or Brevard County, Florida. The prevailing party shall be entitled to its costs, legally taxable or otherwise and its reasonable attorneys' fees in any litigation arising hereunder.

*Viron*, 2002 U.S. Dist. LEXIS 4917, at *3 (citing ¶ 9 of parties' agreements).[2] Defendants contend that the forum selection clause, the location of most witnesses and documents, and the contractual choice of law provision weigh in favor of transfer of venue to the Middle District of Florida,[3] pursuant to 28 U.S.C. § 1404(a). Plaintiff, on the other hand, argues that the forum selection clause does not control the transfer decision and that defendants have failed to show that a transfer of venue under § 1404(a) is warranted. The resolution of this motion turns on the burden of proof, to which the Court now turns.[4]

4. Plaintiff also advances several arguments, none of which has merit, to support its contention that this Court's earlier opinion renders unnecessary or improper a decision on defendants' current motion to transfer venue pursuant to 28 U.S.C. § 1404(a). *See* Plaintiff's Brief in Opposition to Defendants' Motion to Transfer Venue ("Plaintiff's Opposition Brief") 5–10. First, in its earlier opinion, the Court declined to transfer venue pursuant to § 1404(a) because the parties' briefs did not analyze the § 1404(a) factors, not because the Court found, on the merits, that such a transfer was not warranted. *See Viron*, 2002 U.S. Dist. LEXIS 4917, at *27 n. 7. Thus, plaintiff is incorrect that the law of the case doctrine

## B. *Burden of Proof*

█ Typically, the party bringing the motion to transfer venue bears the burden of proving that the transferee district, in this case the Middle District of Florida, is a more convenient forum for litigation of the action. *See Terra Int'l, Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 695 (8th Cir.), *cert. denied*, 522 U.S. 1029, 118 S.Ct. 629, 139 L.Ed.2d 609 (1997); *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989)(on remand of *Stewart v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)). When the parties have contractually agreed to litigate in a particular forum, however, some courts have held that the burden of proof shifts to the party opposing transfer to demonstrate why it should not be bound by the forum selection clause. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir.1995); *In re Ricoh Corp.*, 870 F.2d at 573. While there is no Sixth Circuit authority on point, the Court agrees with those courts that shift the burden of proof to the party opposing transfer based on a valid forum selection clause.

Plaintiff agreed to litigate in Florida, by entering into agreements containing forum selection clauses. A forum selection clause "represents the parties' agreement as to the most proper forum." *Stewart*, 487 U.S. 22, 31, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). Requiring defendants to prove that federal district court in Florida is a *more* convenient forum is not appropriate when plaintiff has already contractually agreed that Florida is the most proper

forum for handling disputes arising out of the parties' agreements. Therefore, the Court concludes that plaintiff bears the burden of proof in this case and must demonstrate that the Western District of Michigan is a more proper forum for litigating this dispute than is the Middle District of Florida.

Before examining the various § 1404(a) factors, however, the Court briefly digresses to address an argument raised by plaintiff at oral argument and in the briefs it filed with this Court in response to defendants' earlier motion to transfer venue under 28 U.S.C. § 1406(a). Plaintiff contends that "there were no substantive negotiations regarding the minuscule, pre-printed 'Conditions' located on the reverse side of the Purchase Orders, including the forum selection clause." Plaintiff's Supplemental Brief in Opposition to Defendants' Motion to Dismiss, or in the Alternative, Transfer Venue ("Plaintiff's Supplemental § 1406 Brief") 8. Plaintiff does not contend that it has no contract with defendants. Instead, plaintiff apparently wants the Court to find that some terms of the purchase orders are binding on the parties, while others, like the forum selection clause, are somehow "less" binding. Plaintiff's argument is premised on the fact that the forum selection clause is contained in boilerplate language on the reverse side of defendants' purchase orders.

█ The Court finds plaintiff's argument to be totally without merit. Plaintiff

---

applies or that defendants' motion is a thinly disguised motion for reconsideration. The Court also rejects plaintiff's equitable estoppel argument. Finally, because defendants' § 1404(a) motion is not premised on improper venue, any argument advanced by plaintiff that Federal Rule of Civil Procedure 12(g) precludes defendants from now bringing a § 1404(a) motion, after already having sought dismissal or transfer under § 1406(a), is with-

out merit. *See Viron*, 2002 U.S. Dist. LEXIS 4917, at *26–7 (holding that because venue was proper pursuant to 28 U.S.C. § 1441(a), § 1404(a), not § 1406(a), was the correct method for enforcing the parties' forum selection clause); *see also Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 536 (6th Cir.2002)(stating that "if venue is proper under the statute, a motion to transfer for improper venue will not lie").

discussed with defendants two of the boilerplate conditions on the back of the purchase orders. Plaintiff acknowledges that its national sales manager asked defendants to change language in paragraph 1 of the preprinted conditions on the reverse of the purchase orders. *See* Plaintiff's Supplemental § 1406 Brief at 7–8. As a result, the last two sentences of paragraph 1 on the back of the purchase orders were struck through. *See id.* at 7; Defendants' Reply Brief in Support of Motion to Dismiss, or in the Alternative, to Transfer Venue, Exhibit 1 (Exhibit C attached to affidavit of David Boland). The same national sales manager also raised concerns about the preprinted warranty contained at paragraph 5 on the back of the purchase orders. *See* Plaintiff's Supplemental § 1406 Brief at 7 n. 7. Thus, plaintiff obviously read and negotiated over the terms of some of the boilerplate on the back of the purchase orders. Simply because plaintiff either chose not to negotiate over other provisions in the boilerplate or failed to read all of the terms contained in the boilerplate does not mean that the forum selection clause is not binding on the plaintiff.

## C. The § 1404(a) Factors

■ Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (1993). In ruling on a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), the Court must examine a number of factors, including (1) convenience of the parties and the witnesses, (2) accessibility of sources of proof, (3) the costs of securing testimony from witnesses, (4) practical problems associated with trying the case in the least expensive and most expeditious fashion, and (5) the interests of justice. *See Keweenaw Konvenience, Inc. v. Commerce & Indus. Ins. Co.*, No. 5:00–CV–111, 2001 U.S. Dist. LEXIS 247, at *5 (W.D.Mich. Jan. 11, 2001); *see also Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1136–37 (6th Cir.), *cert. denied*, 502 U.S. 821, 112 S.Ct. 81, 116 L.Ed.2d 54 (1991). Other factors include (1) the relative congestion in the courts of the two forums, (2) the public's interest in having local controversies adjudicated locally, (3) the relative familiarity of the two courts with the applicable law, (4) the plaintiff's original choice of forum, and (5) whether the parties have agreed to a forum selection clause. *See* MOORE'S FEDERAL PRACTICE § 111.13[1][b] at 111–66–67 (3d ed.). With the exception of the forum selection clause, the remaining § 1404(a) factors either do not apply or are a "wash" in this case.

### 1. Convenience of Parties and Witnesses

The parties' convenience is already reflected in the mandatory forum selection clause. *See Stewart*, 487 U.S. at 31, 108 S.Ct. 2239 (stating that forum selection clause "represents the parties' agreement as to the most proper forum").

The location of witnesses weighs neither in favor of transfer nor in favor of keeping the litigation in this Court. The witnesses are located in a number of states, including Florida, Michigan, North Carolina, South Carolina, and Texas. Moreover, the "materiality of the prospective witnesses' testimony, and not merely the number of prospective witnesses, will determine the extent to which their convenience will be weighed." MOORE'S FEDERAL PRACTICE § 111.13[1][f][v] at 111–83 (3d ed.) (footnote omitted). Neither party, however, has made clear to the Court which witnesses are most material to this litigation.

Therefore, the Court concludes that the location of witnesses is a "wash." Michi-

gan is more convenient for plaintiff's employees and other party witnesses, while Florida is more convenient for defendants' employees and other party witnesses. There is no evidence that Michigan is a more convenient forum for the remaining non-party witnesses.

### 2. *Accessibility of Sources of Proof*

The sources of proof in this case are in various locations, including Michigan, Florida, and South Carolina. In addition, there are various convenient methods for easily transporting documents from Michigan to Florida, or from Florida to Michigan. Therefore, this factor favors neither Michigan nor Florida as the forum for litigating this dispute.

### 3. *Costs of witness testimony*

The Court concludes, based on the absence of any argument by the parties, that the costs of securing the testimony of witnesses is not a factor in the transfer decision.

### 4. *Practical Problems associated with trial in least expensive and most expeditious forum*

Plaintiff does not claim that trial in Michigan will be more economical or will take place more quickly than if this case were transferred to Florida for trial. Defendants also do not make this claim in support of transferring this case to Florida. Therefore, this is not a factor in the Court's decision.

### 5. *The Interests of Justice*

Plaintiff contends that the public policy of Michigan does not favor the enforcement of forum selection clauses and, thus, this factor weighs in favor of keeping this case in the Western District of Michigan. *See* Plaintiff Viron International Corporation's Supplemental Brief in Opposition to Defendants' Motion for Transfer of Venue Pursuant to 28 USC § 1404(a) ("Plaintiff's § 1404 Supplemental Brief") 4. In addition, plaintiff claims that if this case were transferred to the Middle District of Florida, that court would lack personal jurisdiction over the plaintiff. *See id.* Plaintiff contends both arguments support denial of defendants' motion to transfer. The Court disagrees.

### a. *Public Policy Argument*

Plaintiff's public policy argument runs counter to the Supreme Court's decision in *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). In *Stewart,* the Supreme Court held that "federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause and transfer [the] case." *Id.* at 32, 108 S.Ct. 2239. In *Stewart,* a diversity case, the parties' contract contained a mandatory forum selection clause, which provided that either state or federal court in Manhattan, New York, was the exclusive jurisdiction for resolving the parties' contract disputes. *See id.* at 24, 108 S.Ct. 2239. The plaintiff, an Alabama firm, filed suit in federal district court for the Northern District of Alabama. Defendants sought to dismiss for improper venue, or in the alternative, to transfer venue pursuant to § 1404(a). *See id.* The district court denied the motion, stating that Alabama law controlled and that forum selection clauses were disfavored under Alabama law. *See id.* On appeal, the Eleventh Circuit held that federal law governed and applied the reasoning of the Supreme Court's decision in *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). *See id.* at 25, 92 S.Ct. 1907. The Supreme Court in *Stewart* affirmed the Eleventh Circuit, but on the basis of somewhat different reasoning.

The Court in *Stewart* held that federal law governs the enforceability of a forum

selection clause in a § 1404(a) case. The Court explained that § 1404(a) requires a court to examine a number of factors in making its transfer decision and that a state policy, such as Alabama's, which precludes enforcement of forum selection clauses, focuses improperly on a single concern. *See id.* at 31, 108 S.Ct. 2239. The *Stewart* Court held that a forum selection clause "should receive neither dispositive consideration ... nor no consideration." *Id.; see Moses,* 929 F.2d at 1136. Instead, the forum selection clause should be a "significant factor" in the Court's § 1404(a) analysis. *See Stewart,* 487 U.S. at 29, 108 S.Ct. 2239; *Moses,* 929 F.2d at 1136.

■ If this Court must give significant weight to a forum selection clause in its § 1404(a) transfer analysis, it is unclear how this Court can also give effect to what plaintiff claims is Michigan's public policy disfavoring the enforcement of forum selection clauses. As the Supreme Court noted in *Stewart,* "[t]his is [ ] not a case in which state and federal rules 'can exist side by side ... each controlling its own intended sphere of coverage without conflict.'" *Stewart,* 487 U.S. at 31, 108 S.Ct. 2239 (quoting *Walker v. Armco Steel Corp.,* 446 U.S. 740, 752, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980)). The Court in *Stewart* made clear that in conducting a transfer analysis under § 1404(a), federal, not state, law on the enforceability of forum selection clauses governs.

b. *Personal Jurisdiction*

Plaintiff contends that even if Florida law applies to the question of whether the parties' forum selection clause is enforceable, Florida law would preclude enforcement of the parties' forum selection clause because there is no independent basis for Florida to assert personal jurisdiction over the plaintiff. Plaintiff's § 1404 Supple-

mental Brief at 4. Plaintiff's argument is fundamentally flawed.

■ First, as this Court has already explained, the enforceability of the parties' forum selection clause is not governed by state law, whether it be Michigan or Florida law. Second, plaintiff is confused about the concept of personal jurisdiction. A court may lack personal jurisdiction over a defendant, but never over a plaintiff, who consents to such jurisdiction by filing suit.

■ In this case, plaintiff did not file suit in Florida, but § 1404(a) provides that "a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (1993). Plaintiff *could* have filed this action in Florida because both defendants are Florida corporations. *See* Defendants' Brief in Support of its Motion to Transfer Venue ("Defendants' Brief in Support") 6 n. 3. By doing so, plaintiff would have consented to the Florida court's jurisdiction over it. Plaintiff confuses the analysis by stating that *defendants* could not have sued plaintiff in Florida. The issue, however, is whether *plaintiff* not *defendants* could initially have filed suit in Florida. Requiring this Court to speculate about personal jurisdiction in some hypothetical lawsuit filed by the defendants exceeds the analysis required by § 1404(a).

The fact that defendant Boland has now filed a counterclaim against the plaintiff does not change the analysis. *See* dkt. # 29. Transfer to the Middle District of Florida under § 1404(a) is proper because plaintiff *could* have filed suit in Florida against defendants. Had defendants filed a counterclaim in that litigation, the Florida courts would not have lost personal jurisdiction over plaintiff simply because it was also a counter-defendant in litigation it initiated in the Florida courts. Plaintiff offers the Court no authority for the proposition that a court loses personal jurisdic-

tion over the plaintiff simply because one of the defendants, which plaintiff sued, has filed a counterclaim in the same litigation against the plaintiff.

Therefore, had plaintiff filed suit in Florida, plaintiff would have consented to the jurisdiction of the Florida courts. The fact that defendants could not have filed suit against plaintiff in Florida, absent plaintiff's consent, is simply irrelevant to the § 1404(a) transfer analysis.

### 6. Relative Congestion

Plaintiff does not argue that the Middle District of Florida has a heavier docket, thereby making it more likely that trial in this matter will occur earlier if the case remains in this Court. Defendants also do not advance this argument in support of transfer to the Middle District of Florida. Therefore, the Court does not consider this a factor in its transfer analysis.

### 7. Public's Interest in Local Controversies

This dispute does not involve a controversy of interest to the public in Michigan or Florida, and neither plaintiff nor defendants has made this argument to the Court. Therefore, the Court does not consider this a factor in its transfer decision.

### 8. Relative Familiarity with the Law

The parties' agreements contain a choice of law provision, stating that their contracts are governed by Florida law. See Viron, 2002 U.S. Dist. LEXIS 4917, at *3. Defendants claim that this factor weighs in favor of transfer to the Middle District of Florida. The Court disagrees.

■ This case involves a breach of contract for the sale of goods. See Defendants' Brief in Support at 2 (describing as "goods" the subject matter of the parties' agreements); Plaintiff's Opposition Brief at 16 (stating that "this case involves the interpretation of a commercial contract for

the sale of goods"). While the law of Michigan and Florida are not identical in terms of the law of contracts, the adoption of the Uniform Commercial Code by both states certainly suggests that a federal court sitting in diversity in Michigan is no less competent to rule on the parties' contractual dispute than a federal court sitting in diversity in Florida. Thus, this factor is neutral, neither weighing in favor of transfer nor in favor of keeping the litigation in this Court.

### 9. Plaintiff's Choice of Forum

■ Normally, the Court would accord some weight to the plaintiff's decision to file suit in Michigan. The Court will not do so, however, when plaintiff already has agreed, through the forum selection clause, to litigate disputes arising out of the contract in a federal court in Florida. See Viron, 2002 U.S. Dist. LEXIS 4917, at *17 n. 6; see also Jumara, 55 F.3d at 880; In re Ricoh Corp., 870 F.2d at 573. According any weight to plaintiff's decision to file suit in Michigan, "would only encourage parties to violate their contractual obligations, the integrity of which are vital to our judicial system." In re Ricoh, 870 F.2d at 573 (citations omitted).

### 10. Forum Selection Clause

In Stewart, the Supreme Court held that a forum selection clause is entitled to significant, although not dispositive, weight in the § 1404(a) transfer analysis. Stewart, 487 U.S. at 29, 31, 108 S.Ct. 2239. Plaintiff contends that by shifting the burden of proof from defendants to the plaintiff, the Court impermissibly accords the forum selection clause dispositive weight, contrary to the Supreme Court's decision in Stewart. See Plaintiff's § 1404 Supplemental Brief at 2-3. Plaintiff, however, confuses the question of which party bears the burden of proof with the question of the weight accorded to a valid forum selection clause.

Assume that the plaintiff could show that all of the third-party material witnesses in this case were located in Michigan, that the operative facts underlying the dispute all occurred in Michigan, and that it would be more economical to hold trial in Michigan. In that case, plaintiff would have produced facts counterbalancing the parties' forum selection clause and a transfer of venue might not be appropriate. In other words, even if the Court gave significant weight to the parties' forum selection clause, the plaintiff may have satisfied its burden of proof, thereby precluding transfer of venue pursuant to § 1404(a). This example shows the flaw in plaintiff's argument. If shifting the burden of proof to the plaintiff gives dispositive weight to the forum selection clause, then plaintiff would always lose on a § 1404(a) motion when the parties had contractually agreed upon a forum, notwithstanding the presence of other § 1404(a) factors weighing against transfer. Simply because the § 1404(a) factors in *this* case do not justify non-enforcement of the parties' forum selection clause does not mean that the Court is giving too much weight to that clause.

■ As the Supreme Court directed in *Stewart,* this Court must give the parties' forum selection clause significant weight in its transfer analysis, and that clause weighs in favor of transfer to the Middle District of Florida. Plaintiff bears the burden of proof, but has offered the Court no other § 1404(a) factors that weigh in favor of keeping this case in the Western District of Michigan. The remaining § 1404(a) factors either do not apply or are a "wash" in this case. When the plaintiff bears the burden of justifying non-enforcement of a valid forum selection clause and the remaining § 1404(a) factors are a "wash," then plaintiff has failed to satisfy its burden of proof and the case should be transferred, pursuant to § 1404(a). *See* MOORE'S FEDERAL PRACTICE § 111.13[1][p] at 111–109 (3d. ed.) (footnote omitted).

## II. CONCLUSION

The Court grants defendants' motion for transfer of venue pursuant to 28 U.S.C. § 1404(a). *See* dkt. # 30. The Court will enter an order consistent with this opinion.

### ORDER

In accordance with this Court's opinion of even date,

**IT IS ORDERED** that defendants' motion to transfer venue (dkt.# 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall terminate this case on the docket for the Western District of Michigan and transfer this case file to the Clerk of the Court for the Middle District of Florida.

**IT IS SO ORDERED.**