**Dian BAKER, Plaintiff–Appellant,**

**Troy Henry, Appellant,**

v.

**Michael PETERSON, Defendant–Appellee.**

No. 02–5262.

United States Court of Appeals, Sixth Circuit.

June 5, 2003.

Before: KRUPANSKY, SILER, and COLE, Circuit Judges.

PER CURIAM.

Plaintiff Dian Baker and her attorney Troy Henry appeal the district court's imposition of sanctions for discovery violations. For the reasons stated below, we **VACATE** the order of sanctions and **REMAND** for further consideration before a different judge.

**I.**

In 1998, Baker and Bernice Williams were involved in a car wreck with Defendant Michael Peterson. Baker hired Henry to represent her in this personal injury action. Henry had successfully represented Baker in a personal injury action once before, helping her recover for injuries she sustained after falling in a Wal–Mart store in 1994. The injuries from the Wal–Mart fall, like the claimed injuries from the car wreck, included arm pain and hand numbness.

In providing Rule 26(a)(1) disclosures and expert witness information, Henry listed all of the physicians who had treated Baker. The listed physicians initially provided only the records pertaining to the car wreck. The medical records that Henry provided did not include a description of Baker's injuries from the Wal–Mart fall (he had given those records to Baker after the Wal–Mart litigation concluded).

In her deposition, Baker stated she had experienced no numbness in her hands before the car wreck. Henry later testified that at the time of the deposition, he "knew from what the records reflected that [Baker's response was not] an accurate response."

Once alerted to Baker and Henry's failure to disclose the Wal–Mart injuries through initial disclosures or the Baker deposition, the district judge decided *sua sponte* that Henry was "going to have to go for an ethical investigation." The dis-

trict judge referred three questions to the magistrate judge: (1) whether Baker knowingly or intentionally made false statements, (2) whether Henry's conduct raises ethical violations, and (3) whether Henry failed to comply with applicable discovery rules.

The magistrate judge subsequently submitted a report and recommendation that Henry be warned, but not receive harsher sanctions (disqualification, financial sanctions, reprimand, or further ethical investigation). With respect to Baker, the magistrate judge recommended that it is "penalty enough" for the question of the truthfulness or falsity of Baker's deposition to be dealt with at trial.

The district judge was unhappy with the magistrate judge's analysis. Finding the record was not "sufficiently developed to render a determination of the questions referred," he held two evidentiary hearings to further develop the record.

The first hearing appears to have been very informal. The district judge dominated the proceedings. After Peterson's counsel noted that he didn't know who was going to be on the stand, the district judge stated that Baker, Henry, and perhaps Jennifer Keown (who represented Peterson at the Baker deposition) would testify. The district judge then called Baker as the first witness, questioning her at length (40 transcript pages) without interruption. He frequently interrupted counsel's "cross-examination" to pursue theories of his own.

The second hearing was of similar character. The district judge dominated the direct examination of Henry, ultimately interrupting it to call Keown as a witness to answer a few questions before returning to Henry.

On May 24, 2001, the district judge issued an order finding that (1) Baker knowingly made false statements during her January 17 deposition, (2) probable cause exists to refer Henry to the Board of Professional Responsibility for failing to comply with ethical disciplinary rules, and (3) Henry failed to comply with ethical rules and the rules of procedure during this litigation. As a result of these violations, the district judge found the appropriate sanctions to be as follows: (1) Baker's deposition falsehoods shall be available for impeachment at trial, (2) Henry's admission to practice *pro hac vice* is suspended, and (3) "costs and fees incurred by the Defendant for the referral to the Magistrate Judge and the subsequent evidentiary hearings before this court [are to] be taxed jointly and severally on Mr. Henry and Plaintiff Dian Baker."

## II.

### A. *Review of the Magistrate Judge's Analysis*

The standard of review to be applied by a district court reviewing the magistrate judge's report and recommendation presents a question of law, which we review de novo. *United States v. Curtis,* 237 F.3d 598, 602 (6th Cir.2001).

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *Curtis,* 237 F.3d at 602. The statute provides the basis for Fed.R.Civ.P. 72, which details the procedure for a district court to refer matters to a magistrate judge for recommendation or decision. A district court normally applies a "clearly erroneous or contrary to law" standard of review for nondispositive preliminary measures. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R.Civ.P. 72(a). A district court must review dispositive motions under the *de novo* standard. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b).

Here, the questions referred to the magistrate judge are nondispositive pretrial issues. *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458 (10th Cir.1988) (noting that the magistrate's imposition of attorney fees as a discovery sanction is reviewed under the "clearly erroneous or contrary to law" standard). Nonetheless, in some circumstances it is within the district court's discretion to conduct higher level review of a magistrate judge's analysis of a nondispositive issue. *See United States v. Frans*, 697 F.2d 188, 191–92 n. 3. (7th Cir.1983).

In referring the issue of sanctions to the magistrate judge, the district judge requested a "report," implying that the court intended to treat the referral as a § 636(b)(1)(B) referral subject to *de novo* review. Though the issues referred were nondispositive, the court evidenced a clear intent that it wished to maintain decision-making authority (not mere review for clear error).

B. *Judicial Bias*

We review a district court's decision to impose sanctions for an abuse of discretion. *Runfola & Associates, Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 375 (6th Cir.1996). Baker and Henry principally complain about the fairness of the district court hearings that led to the sanctions. In *Anderson v. Sheppard*, 856 F.2d 741, 745 (6th Cir.1988), we reviewed the proper role of a judge in judicial proceedings:

> The judge should exercise self-restraint and preserve an atmosphere of impartiality. When the remarks of the judge during the course of a trial, or his manner of handling the trial, clearly indicate a *hostility to one of the parties, or an unwarranted prejudgment of the merits of the case,* or an alignment on the part of the Court with one of the parties for the purpose of furthering or supporting the contentions of such party, the judge indicates, whether consciously or not, a personal bias and prejudice which renders invalid any resulting judgment in favor of the party so favored. . . .

*Id.* (quoting *Knapp v. Kinsey*, 232 F.2d 458, 465–67 (6th Cir.1956)). Moreover, "great care must be taken by a judge to 'always be calmly judicial, dispassionate and impartial. He should sedulously avoid all appearances of advocacy. . . .'" *Id.* at 745–46 (quoting *United States v. Hickman*, 592 F.2d 931, 933 (6th Cir.1979)).

Rule 614 of the Federal Rules of Evidence provides that the district court may call and interrogate witnesses on its own motion. However, this authority is abused "when the judge abandons his proper role and assumes that of advocate." Fed. R.Evid. 614 advisory committee's note (noting that although "the manner in which interrogation should be conducted and the proper extent of its exercise are not susceptible of formulation in a rule [,the] omission in no sense precludes courts of review from continuing to reverse for abuse").

Here, the district judge's posture throughout the hearing was not that of a "dispassionate and impartial" judge, but rather that of a zealous advocate litigating an issue. Because he abandoned his role as an impartial arbiter of the facts, we vacate his decision to sanction Baker and Henry and remand the case for further review or conclusions on the magistrate judge's report and recommendation. Given its history, this case should be assigned to a different judge upon remand. *See United States v. Whitman*, 209 F.3d 619, 624 (6th Cir.2000).

III.

We VACATE the district court's order of sanctions and REMAND the case to an

alternate district court judge for proceedings consistent with this opinion.