William E. BENNETT, Plaintiffs,

v.

AMERICA ONLINE, INC., Time Warner, Inc., Tucows, Inc., and John Doe, Defendants.

Civil Case No. 06–13221.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 23, 2007.

William E. Bennett, Mt. Morris, MI, Pro se.

William F. Kolakowski, III, Dykema Gossett, Bloomfield Hills, MI, Krista L. Lenart, Dykema Gossett, Ann Arbor, MI, Harold Z. Gurewitz, Gurewitz & Raben, Detroit, MI, Rebecca J. Hillyer, Troy S. Brown, Morgan, Lewis, Philadelphia, PA, for Defendants.

*ORDER SUSTAINING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, REJECTING RECOMMENDATION, DENYING MOTION TO DISMISS OR TRANSFER VENUE, AND REFERRING MATTER TO MAGISTRATE JUDGE FOR FURTHER CASE MANAGEMENT*

LAWSON, District Judge.

This matter is before the Court on objections by the plaintiff to a report filed by Magistrate Judge Steven D. Pepe recommending that the matter be transferred in its entirety to the United States District Court for the Eastern District of Virginia in lieu of dismissal for improper venue, which is the main relief sought by defendant America Online, Inc. (AOL) in its pending motion. The Court agrees with the magistrate judge that dismissal of the action for improper venue is not appropriate. The Court finds, however, that al-

though transfer of the action against AOL under the forum selection clause contained in its service agreement may be appropriate under 28 U.S.C. § 1404(a), transfer of the action against co-defendant Tucows, Inc. would not be allowed because the action could not be brought against that defendant in the transferee court. Courts ought not transfer parts of actions when to do so effects a severance and requires a plaintiff to litigate in two forums. Therefore, the Court will deny the motion to dismiss or transfer venue.

The plaintiff commenced this action *pro se* on July 17, 2006 alleging copyright violations against the defendants. On September 15, 2006, defendant AOL filed a motion to dismiss or transfer venue to Virginia based primarily on a provision in its standard internet service provider (ISP) service agreement that contained a forum selection clause indicating "exclusive jurisdiction" for disputes with AOL was in the courts of Virginia. Magistrate Judge Pepe, to whom the case had been referred to conduct all pretrial proceedings, issued a report on November 20, 2006 recommending that the motion be granted in part, and that the case be transferred to the United States District Court for the Eastern District of Virginia. He balanced the factors invoked by a 28 U.S.C. § 1404(a) motion and concluded that most of the factors favored transfer. He found that the plaintiff had failed to satisfy the heavy burden to set aside the forum selection clause. Magistrate Judge Pepe also recommended that the entire case be transferred to Virginia, rather than just the claims against AOL. Objections were filed by the plaintiff on December 1, 2006. Each of the defendants filed a response to the plaintiff's objections on December 15, 2006.

In the amended complaint, which the plaintiff filed on October 2, 2006, he says he has been an AOL member for many years. In 1999, he started a software company called WEB Themes, through which he created hundreds of screen savers, including two that are the subject of this case, which he calls Pheasants in Flight and Solitude. The plaintiff claims that he and AOL had an implied contract pursuant to which the plaintiff granted AOL a non-exclusive, temporary software license that allowed AOL to provide his screen savers to AOL's members. Under this implied contract, AOL was required to protect the plaintiff's copyright rights and help promote the plaintiff's business by making the screen savers available to members. The plaintiff asserts that the non-exclusive license he granted to AOL contained the following provision:

> The uploader claims and guarantees to have full and clear copyright to this work. This work is for the personal use of downloading member and may not be modified, distributed, etc in whole or in part. This work cannot be uploaded to any electronic system or BBS or included in any compact disk (CD–ROM) or collection of any kind without the written permission from the uploader. To do so places the user at legal risk of sever [sic] fines and penalties for copyright infringement.

Amend. Compl. ¶ 14. The plaintiff uploaded the files at issue to AOL through his AOL connection, and AOL apparently put these files in what the plaintiff refers to as the "old screen saver libraries." Amend. Compl. ¶ 17, 18, 21.

According to the plaintiff, on July 22, 2003, AOL destroyed all links to the old screen saver libraries and no longer made those libraries available to its members. AOL created a new upload/download center that was linked to defendant Tucows' website. At the same time, AOL created a new upload agreement that purports to

supercede any previous agreement. The plaintiff states that the new upload agreement is an adhesive contract that in effect transfers the plaintiff's copyright rights to AOL.

The amended complaint contains five counts of copyright infringement and three counts of breach of contract. Count 1 alleges that AOL's transfer of the files from the old libraries to the new download center violates the Copyright Act. Count 2 alleges that AOL's termination of the old upload agreement voided the non-exclusive license. However, AOL continued distributing the plaintiff's files, which violated plaintiff's copyright rights since AOL was no longer authorized to do so. In Count 3, the plaintiff contends that AOL knew he would not license it to use his files in the new download center, but AOL provided the files to defendant Tucows anyway for Tucows to post them in the new download center. Count 4 alleges that defendant Tucows violated the Copyright Act by posting his files to AOL's new download site. Count 5 accuses defendant Tucows of violating the Copyright Act by making the plaintiff's files available for download by AOL members. Count 6 alleges breach of contract: The plaintiff states he uploaded five hundred screen savers to AOL's old libraries and granted AOL licenses to make them available to its members. In consideration for the licenses, AOL allegedly agreed to let the plaintiff upload the files for free. However, the plaintiff paid $23.90 to use AOL. The plaintiff alleges that this violated the contract between the parties. Count 7 also alleges breach of contract in that AOL's termination of the old libraries violated the contract, under which AOL was required to make the plaintiff's files available to its members. Finally, Count 8 alleges that AOL breached its contract by granting Tucows a license to the plaintiff's files, which it was not permitted to do. The plaintiff seeks damages of $3,022,600 plus $20 for each hour he spent uploading his files to AOL and costs and attorney's fees. He also seeks a declaration that AOL's new upload agreement is void because it violates copyright law and that AOL's forum selection clause is unconscionable and void as against Michigan public policy.

AOL's motion to dismiss or transfer venue is based primarily on a forum selection clause contained in its ISP service agreement. It appears that the plaintiff or his wife has been an AOL member since 1995. The Membership Agreement in effect when they joined stated:

1. *Terms of Service Agreement and Rules of the Road.* The America Online service ("AOL") is provided by America Online Inc. ("AOL Inc.") to you ("Member" or "you"), subject to the terms of this Agreement ("TOS") and AOL Inc.'s operating policy, which is incorporated herein and referred to as the "Rules of the Road" or "ROR." (To access ROR on AOL use KEYWORD TOS). The TOS and the ROR comprise the entire agreement between AOL Inc. and you, and supersede any prior agreements between you and AOL Inc. with respect to the subject matter of the TOS and ROR. AOL Inc. may revise the TOS and ROR at any time, and such revision shall be effective immediately upon either posting of the revised TOS in the Member Services Area, or notifying you via e-mail or conventional mail. You agree to review the TOS and ROR periodically to be aware of such revisions. If any revision to the TOS or ROR is unacceptable to you, you may terminate your membership as provided in Section 9 below. Your continued use of AOL following notice of any such revision to the TOS or the ROR shall be conclusively deemed acceptance of all such revisions.

. . .

10. *Law.* ... The TOS shall be governed by the laws of the Commonwealth of Virginia, excluding its conflicts of law rules, and Member and AOL Inc. each submit to the exclusive jurisdiction of the courts of the Commonwealth of Virginia.

AOL Mot. Dims. Ex. A2, 1995 Service Agreement. AOL submitted an affidavit from a paralegal swearing that no person can become an AOL member without agreeing to the TOS.

Of course, the original language does not require any litigant to bring an action against AOL in Virginia courts. However, the TOS was modified in 2003. The new agreement contains the following provision:

> The laws of the Commonwealth of Virginia, excluding its conflict of law rules, govern this Member Agreement and your membership. You expressly agree that exclusive jurisdiction of any claim or dispute with AOL or relating in any way to your membership or use of the AOL Services resides in the courts of Virginia and you further agree and expressly consent to the exercise of personal jurisdiction in the courts of Virginia in connection with any such dispute including any claim involving AOL or AOL Services. The foregoing provision may not apply to you depending on the laws of your jurisdiction.

AOL Mot. Dism. Ex. A1, 2003 Service Agreement at 10. The plaintiff submitted an affidavit swearing he has never seen either of these agreements. Pl.'s Resp. to AOL's Reply Ex. 1, Bennett Aff. at ¶ 7. The magistrate judge assumed that the plaintiff was a signatory to these terms.

The magistrate judge first concluded that the 2003 agreement applies in this case. The report does not include an explanation for why this agreement governs rather than the 1995 agreement, and the parties have not submitted any evidence that the 2003 agreement was mailed to the plaintiff or posted on AOL's website.

The magistrate judge next found that the agreement allows for litigation in either state or federal court in Virginia because the 2003 agreement provides for "exclusive jurisdiction ... in the courts of Virginia," which is broader than "the courts of the Commonwealth of Virginia." Finding that litigation could occur under the agreement in federal court, the magistrate judge determined that transfer would be more appropriate than dismissal because several courts of appeals (including the Sixth Circuit) have reversed district courts that dismissed cases based on forum selection clauses when they could have transferred them.

The magistrate judge rejected the plaintiff's claim that Michigan law limits the application of the forum selection clause. Michigan Compiled Laws § 600.745(3) states that written forum selection clauses should not be enforced if "[t]he plaintiff cannot secure effective relief in the other state for reasons other than delay in bringing the action," "[t]he other state would be a substantially less convenient place for the trial of the action than this state," or "[i]t would for some other reason be unfair or unreasonable to enforce the agreement." The magistrate judge cited *Viron Int'l Corp. v. David Boland, Inc.*, 237 F.Supp.2d 812, 818 (W.D.Mich.2002), correctly, for the proposition that "in conducting a transfer analysis under § 1404(a), federal, not state, law on the enforceability of forum selection clauses governs."

The magistrate judge next concluded that a person seeking to avoid a forum selection clause bears the burden of proving that a transfer should not be granted. The magistrate judge found that the plaintiff did not meet this burden because he did not provide any independent evidence

of his poor health or lack of financial resources (the reasons the plaintiff has put forth in his argument that the transfer will be inconvenient), or any evidence at all on the other factors considered by courts deciding whether to transfer a case. The plaintiff did submit an affidavit swearing that "Except for possibly passing through Virginia while in military service, I have never been in Virginia nor do I desire to go there. (I'm too old (76 years) and in poor health (I suffer from Chronic Obstructive Pulmonary Disease [COPD]))." Pl.'s Resp. to AOL's Reply Ex. 1, Bennett Aff. at ¶ 4. The magistrate judge further found that AOL had provided several compelling reasons why the transfer should be granted, including that all of AOL's employees and records are located in Virginia.

The magistrate finally concluded that the claims against Tucows should also be transferred because of the "overlapping factual and legal issues."

■■ Because AOL's motion was one to dismiss or in the alternative transfer, the magistrate judge issued a report and recommendation rather than an order. The Court believes that procedure was correct. When a dispositive motion includes alternative relief in non-dispositive terms, the matter must be treated as a dispositive motion by a magistrate judge under 28 U.S.C. § 636(b)(1)(B). *See Rejects Skate Magazine, Inc. v. Acutrack, Inc.,* 2006 WL 889501 (M.D.Tenn. Mar. 29, 2006) (stating that "the Report and Recommendation ('R & R') recommended the denial in its entirety of the defendant's Motion to Dismiss Plaintiffs' Complaint, Strike Certain Claims, and Transfer Venue.... Because this is a dispositive motion, the court must make a *de novo* determination of any portion of the recommended disposition to which an objection has been

made"); *see also Sutton v. U.S. Small Business Administration,* 92 Fed.Appx. 112, 119–20 (6th Cir.2003) (unpublished) (holding that a district court "could properly designate the magistrate to make a non-binding recommendation on" non-dispositive motions under section 636(b)(3), but such matters are reviewed *de novo* ); *Baker v. Peterson,* 67 Fed. Appx. 308, 311 (6th Cir.2003) (same). The plaintiff's timely objection to the recommendation and report requires the Court to review the matter *de novo.*

■■ AOL bases its dismissal motion on Federal Rule of Civil Procedure 12(b)(3), which authorizes dismissal of certain actions for improper venue. However, the Supreme Court has held that 28 U.S.C. § 1404(a) controls requests to give effect to the parties' contractual choice of venue. *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). Title 28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A contractual "forum-selection clause" is "one of the factors to consider in [the § 1404(a)] calculus.... Such a clause should receive neither dispositive consideration ... nor no consideration ... but rather the consideration for which Congress provided in § 1404(a)." *Kerobo v. S.W. Clean Fuels, Corp.,* 285 F.3d 531, 537–38 (6th Cir.2002). Although the forum-selection clause is a "significant factor" in deciding a change of venue motion, the Court should also consider "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.' " *Moses v.*

*Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir.1991). In determining such a motion, the Court must be mindful of the inconvenience to the parties in splitting the cause of action, which granting AOL's motion could require.

In ruling on a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), the Court must examine a number of factors, including (1) convenience of the parties and the witnesses, (2) accessibility of sources of proof, (3) the costs of securing testimony from witnesses, (4) practical problems associated with trying the case in the least expensive and most expeditious fashion, and (5) the interests of justice.... Other factors include (1) the relative congestion in the courts of the two forums, (2) the public's interest in having local controversies adjudicated locally, (3) the relative familiarity of the two courts with the applicable law, (4) the plaintiff's original choice of forum, and (5) whether the parties have agreed to a forum selection clause.

*Viron Intern. Corp. v. David Boland, Inc.*, 237 F.Supp.2d 812, 816 (W.D.Mich.2002) (citing *Moses*, 929 F.2d at 1136–37, and Moore's Federal Practice § 111.13[1][b] at 111–66–67 (3d ed.)).

■ One of the plaintiff's principal objections to the magistrate judge's report is to the part of the recommendation that the entire case be transferred rather than just the claims against AOL. The plaintiff states this is inappropriate under Rule 7(b) because defendant Tucows did not file a motion requesting such transfer and the plaintiff did not have notice and a chance to oppose such a transfer. The plaintiff also argues that transferring his claim against defendant Tucows to Virginia is improper under 28 U.S.C. § 1404(a) because that claim could not have been brought there. The plaintiff states there is no personal jurisdiction over Tucows in

the Eastern District of Virginia. The plaintiff states that the pre-complaint facts determine whether the complaint "might have been brought" in that state. The plaintiff is also concerned that if the entire case is transferred to Virginia, Tucows could file a motion to dismiss for lack of personal jurisdiction.

The plaintiff is correct that section 1404(a) limits the choice of transferee courts. The statute reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought.*" 28 U.S.C. § 1404(a) (emphasis added). Although Tucows now states that it would consent to personal jurisdiction in Virginia, there is no evidence that the case could have been brought against it in that forum. Since there is no jurisdiction over Tucows in the proposed transferee court, the transfer of venue of AOL only would effectuate a severance of the case.

The Court believes that the case of *Sunbelt Corp. v. Noble, Denton & Associates, Inc.*, 5 F.3d 28 (3d Cir.1993), provides considerable guidance on this issue. In that matter, the court was presented with a breach of contract action against two defendants, one of whom had a forum selection clause as part of its contract with the plaintiff. The district court had ordered the case transferred from the Eastern District of Pennsylvania to the Southern District of Texas, where the forum selection clause directed the litigation to be maintained against the moving defendant. The plaintiff sought review by mandamus, which was granted by the court of appeals. The court held that because the transferee court lacked personal jurisdiction over the co-defendant (who did not benefit from the forum selection clause), the transfer order was invalid because the Southern District of Texas was not a court in which the

action "might have been brought." *Id.* at 33 (quoting 28 U.S.C. § 1404(a)).

The court then addressed the propriety of transferring the action only against the defendant with the forum selection clause:

> [W]e ... conclude that severance would be inappropriate in this case.... We agree with the Fifth Circuit Court of Appeals' statement in *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir.1984), that "[the court] should not sever if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places." *See Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir.) (stating that severance and transfer may be used "in cases where ... the defendants [seeking to avoid transfer] are alleged to be only indirectly connected to the ... main subject matter of the action" and "where the administration of justice would be materially advanced"), *cert. denied*, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968).... To grant severance here would place each defendant in the position of being able to defend by asserting the absent party's negligence. We refuse to encourage a result which in our view hampers rather than furthers the administration of justice. We conclude here that it would not be consistent with a sound exercise of discretion for the district court to grant severance in this case.

*Id.* at 33–34.

Similarly, this Court finds that it has no authority under the plain language of section 1404(a) to transfer the action against defendant Tucows because the case could not have been brought against that defendant in the Eastern District of Virginia. The Court also finds that the prospect of severing the action to give effect to the forum selection clause would require the case to be litigated in two forums and work a hardship against the plaintiff so as to counter-balance the other factors that must be considered when evaluating transfer motions. With respect to the convenience of the parties and witnesses, it appears that the proofs in the case largely will be documentary. When considering accessibility to sources of proof, the Court is mindful that much of the information is stored in digital form, which is highly portable and accessible virtually anywhere a party has access to a computer and an internet connection. Presumably, AOL has the capacity to gain such access. Neither party has suggested that Michigan is a more expensive forum to try the case, but the plaintiff has provided persuasive information of the hardship that would be visited on him in having to travel to Virginia to pursue his claim. The difference in the docket burdens of the two courts is negligible, and the other factors do not militate in favor of transfer, except, of course, for the forum selection clause, which would be a weighty matter in favor of transfer if the Court did not find that it is outweighed by the interests of justice in avoiding a severance.

■ The Court acknowledges that forum selection clauses are valid and enforceable. *See Gibson v. American Bankers Ins. Co.*, 289 F.3d 943, 948 (6th Cir. 2002) (observing that "[w]hile forum selection clauses in contracts do not deprive courts of jurisdiction, they are presumptively valid"). However, they are not controlling or dispositive of transfer motions, and they must yield to other considerations when justice requires. The Court is convinced that the better exercise of discretion is to deny the transfer request and maintain the action in the present forum.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 38] is **REJECTED**.

It is further **ORDERED** that the plaintiff's objections [dkt # 39] to the report and recommendation are **SUSTAINED IN PART.**

It is further **ORDERED** that defendant AOL's motion to dismiss or transfer venue [dkt # 11] is **DENIED.**

It is further **ORDERED** that the order staying the proceedings [dkt # 52] is **VA-CATED.**

It is further **ORDERED** that the plaintiff's objections to the stay order [dkt # 53] are **DISMISSED as moot.**

It is further **ORDERED** that the matter is referred to the magistrate judge to conduct all additional pretrial matters.